IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MIDDLE DIVISION

| | | |
|---|---|---|
| BRYAN A. ISGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 5:23-CV-0255-TES |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AGREED PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential and/or proprietary information and documents ("Confidential Materials") relating to the subject matter of this action. They agree that certain categories of such information and documents should be treated as confidential, protected from disclosure outside this litigation, and used only for the purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this Agreed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of Confidential Materials. This Agreed Protective Order is intended to comply with the Health Insurance Portability and Accountability Act ("HIPAA"), which provides that a qualified protective order may be issued by a court "with respect to protected health information…" 4.45 C.F.R. §164.512(e)(1)(v).

The parties assert in support of their request that protection of the identified categories of Confidential Materials as described in Section 2 is necessary because some of the documents and materials which may be produced in this case may contain confidential personal, medical, proprietary, and/or financial information.

For good cause shown under Fed. R. Civ. P. 26(c) and 45 C.F.R. §164.512, the court grants the parties' joint request and hereby enters the following Protective Order:

**1.     Scope.** All documents and materials produced during the course of discovery in this case, including the Administrative Record, initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Materials as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings whenever possible.

**2.     Definition of Confidential Materials.** As used in this Order, "Confidential Materials" is defined as information, documents, and other materials, including electronically stored information ("ESI") that the producing party designates in good faith have been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because their disclosure and use is restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Materials" to the following categories of information, documents, or other materials, including ESI:

- Any and all protected health information, including but not limited to medical records, treatment, health information, and mental health treatment information subject to the provisions of HIPAA.

- Personnel files.

- Pre- and post-employment medical screening documents.

- Tax returns and other financial records.

- Proprietary business records.
- Records whose disclosure is restricted or prohibited by statute.

Information, documents, or other materials, including ESI that are available to the public may not be designated as Confidential Materials.

3. **Form and Timing of Designation.** The producing party shall designate information, documents or other materials, including ESI as Confidential Materials and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "the Marking") on the Confidential Materials and on all copies in a manner that will not interfere with the legibility of the Confidential Materials. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Materials. The Marking will be applied prior to or at the time the Confidential Materials are produced or disclosed. Applying the Marking to Confidential Materials does not mean that the materials have any status or protection by statute or otherwise except to the extent and for purposes of this Order. Copies that are made of any designated Confidential Materials must also bear the Marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked Confidential Materials and do not otherwise disclose the substance of the Confidential Materials are not required to be marked. By Marking designated materials as confidential, the designating attorney thereby certifies that the document contains Confidential Materials as defined in this Order.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any information, documents or other materials, including ESI as Confidential Materials will not

constitute a waiver of any otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovery of the inadvertent failure.

    **5.**    **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 30 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

    **6.**    **Protection of Confidential Material.**

    **(a)**    **General Protections**. Designated Confidential Materials must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation.

    **(b)**    **Who May View Designated Confidential Materials**. Except with the prior written consent of the designating party or prior order of the court, designated Confidential Materials may only be disclosed to the following persons:

    (1)    The parties to this litigation, including any employees, agents, and representatives of the parties;

    (2)    Counsel for the parties and employees and agents of counsel;

    (3)    The Court and court personnel, including any special master appointed by the Court, and members of the jury;

    (4)    Court reports, recorders, and videographers engaged for depositions;

    (5)    Any mediator appointed by the court or jointly selected by the parties;

    (6)    Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such Confidential Materials will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certificate contained in Attachment A; and provided that such witnesses will not retain copies of Confidential Materials;

(8) The author or recipient of the Confidential Materials (not including a person who received the Confidential Materials in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of information, documents, or other materials, including ESI designated as Confidential Materials pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the Confidential Materials along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**7.** **Filing of Confidential Materials.** In the event a party seeks to file any document or other materials, including ESI containing Confidential Materials subject to protection under this Order with the court, that party must take appropriate action to insure that the Confidential Materials receive proper protection from public disclosure including: (a) filing a redacted version of the Confidential Materials with the consent of the party who designated the materials as confidential; (b) where appropriate (e.g., in relation to discovery or evidentiary motions), submitting the Confidential Materials solely for *in camera* review; or (c) when the proceeding

measures are inadequate, seeking permission to file the Confidential Materials under seal by filing a motion for leave to file under seal.

Nothing in this Order will be construed as a prior directive to allow any materials to be filed under seal. The parties understand that the requested materials may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the Confidential Materials under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

**8.     Challenges to Confidential Designation.** The designation of any information, document, or other materials, including ESI as Confidential Materials is subject to challenge by a party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material(s) and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Materials under the terms of this Order.

**9.     Use of Confidential Materials at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any information, document, or other materials, including ESI at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Materials at a hearing or trial must bring that issue to the attention of the court and other parties without disclosing the Confidential Materials. The court may thereafter make such orders as are necessary to govern the use of such materials at the hearing or trial.

**10.    Obligations on Conclusion of Litigation.**

   **(a)    Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

   **(b)    Return of Confidential Documents.** Within 90 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all Confidential Materials, including copies as defined above, must be returned to the party who previously produced the Confidential Materials unless:  (a) the Confidential Materials have been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the Confidential Materials to the extent practicable in lieu of return; or (3) as Confidential Materials bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Confidential Materials and certifies to the producing party that it has done so. All Confidential Materials subject to the provisions of HIPAA shall be returned or destroyed upon the conclusion of this litigation, either through the settlement of the case, the dismissal of the case or the entry of a Final Order (*i.e*., an Order not subject to further appeal), as required by 45 C.F.R. §164.512(e)(1)(v). Nothing in this section requires a party, its counsel, or consultants to delete discovery material which may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity, or other reasons, except that the parties agree that all such Confidential Materials will continue to be confidential under this Order.

   **(c)    Retention of Work Product.** Notwithstanding the above requirements to return or destroy Confidential Materials, counsel for the parties may retain a copy of Confidential Materials as part of counsels' case files. Confidential Materials retained in the

7

receiving attorney's case file will continue in subsequent litigation provided that its use does not disclose Confidential Materials. In addition, the receiving attorney explicitly agrees that he or she will not use Confidential Materials in any separate subsequent or concurrent litigation against the producing party.

  **11.** **Order Subject to Modification.** This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

  **12.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any information, document, or other materials, including ESI designated as Confidential Materials by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

  **13.** **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

  **14.** **Jurisdiction.** The courts jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

  **15.** **Protections Extended to Third-Party's Confidential Materials.** The parties agree to extend the provisions of this Protective Order to Confidential Materials produced in this case by third parties, if timely requested by the third party.

**16.    Inadvertent Disclosure of Confidential Materials Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any Confidential Materials that are subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information, documents, or other materials, including ESI that may be considered Confidential Materials under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designated the materials as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such materials must return it upon request to the producing party. Upon receiving such a request as to specific materials, the receiving party must return the materials to the producing party within five days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the materials by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

(*signature page to follow*)

**IT IS SO ORDERED.**

Dated: December 21, 2023

                                                  s/Tilman E. Self, III
                                        HONORABLE TILLMAN E. SELF, III
                                        United States District Court Judge
                                        Middle District of Georgia

| **WE SO MOVE**<br>**and agree to abide by the**<br>**terms of this Order** | **WE SO MOVE**<br>**and agree to abide by the**<br>**terms of this Order** |
|---|---|
| /s/BRADLEY G. PYLES<br>Georgia Bar No.: 590545<br>Counsel for Plaintiff | /s/NIKOLE M. CROW<br>Georgia Bar No.: 198359 |
| | /s/JASON WYMAN<br>Georgia Bar No.: 871980<br>Counsel for Defendant |
| Dated: December 20, 2023. | Dated: December 20, 2023. |

10

## ATTACHMENT A

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undesigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned *Bryan A. Isgett v. Unum Life Insurance Company of America,* Case No.: 5:23-CV-0255-TES, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Georgia in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Materials in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Materials to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____   Signature: _____

11